## State *v.* Gibbs.

CRIMINAL LAW. *Malicious shooting. Indictment for. Day need not be stated. When.* An indictment for malicious shooting need not state the day on which the offense was committed, where the day does not enter into and become a part of the offense. Merely stating the year will be sufficient, if it be prior to the finding, and within the statute of limitations.

Case cited: King *v.* State, 3 Heis., 148.

Opinion by the court.

The indictment is for the offense of malicious shooting, and was quashed below, because, in the opinion of the Circuit Judge, the time of committing the offense was not sufficiently alleged. The indictment was found at January term, 1873, and charges the offense to have been committed on the — day of ——, 1870. Under the statute the offense might have been prosecuted at any time within five years after it was committed. The indictment must designate some time as the time of the commission of the offense, and that time must be prior to its finding and within the time fixed by the statute of limitations. We have held that to name the month and the year would answer without the allegation of any particular day. There can be no sound reason why the statement of the year, without more, should not be sufficient, when the year stated is prior to the finding and within the time prescribed for the prosecution of the offense, provided the day of the offense does not enter into and be-

come a part of the offense itself, as for example, offenses committed on the Sabbath day and the like: 3 Heis., 148.

Reverse the judgment, and remand the case for trial.